BADGER ET AL., APPELLANTS, *v.* MCGREGOR ET AL., APPELLEES.

[Cite as *Badger v. McGregor,* 107 Ohio St.3d 1210, 2006-Ohio-3.]

(No. 2004–1548—Submitted September 21, 2005—Decided January 4, 2006.)

{¶ 1} The cause is dismissed, sua sponte, as having been improvidently accepted.

{¶ 2} The court orders that the opinion of the court of appeals may not be cited as authority except by the parties inter se.

MOYER, C.J., LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

RESNICK and PFEIFER, JJ., dissent.

LANZINGER, J., dissents and would affirm the judgment of the court of appeals.

PFEIFER, J., dissenting.

{¶ 3} I dissent because this case should have been decided on the merits. The error made by the appellate court is one that has been repeated in other appellate districts in this state and needs to be addressed.

{¶ 4} This case concerns the law of informed consent and how much information a treating physician must give a patient about drugs he is prescribing for the patient's care. This court spoke clearly as to informed consent in *Nickell v. Gonzalez* (1985), 17 Ohio St.3d 136, 17 OBR 281, 477 N.E.2d 1145, syllabus, setting forth the standard of disclosure for physicians:

{¶ 5} "The tort of lack of informed consent is established when:

{¶ 6} "(a) The physician fails to disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy, if any;

{¶ 7} "(b) the unrevealed risks and dangers which should have been disclosed by the physician actually materialize and are the proximate cause of the injury to the patient; and

{¶ 8} "(c) a reasonable person in the position of the patient would have decided against the therapy had the material risks and dangers inherent and incidental to treatment been disclosed to him or her prior to the therapy."

{¶ 9} The court below held that to establish the tort of lack of informed consent, "expert testimony must be presented to prove 'what a reasonable medical practitioner of the same school practicing in the same or similar communities under the same or similar circumstances would have disclosed to his patient about the risks incident to a proposed treatment, and [to prove] that the physician departed from that standard.'" *Badger v. McGregor,* Franklin App. No. 03AP–167, 2004-Ohio-4036, 2004 WL 1729656, ¶ 18, quoting *Pierce v. Goldman* (May 17, 1989), Hamilton App. No. C–880320, 1989 WL 50772.

{¶ 10} Standard-of-care testimony, however, is absolutely not a part of the *Nickell* test. The lower court misinterprets the second part of the test, which states that "the unrevealed risks and dangers *which should have been disclosed by the physician* actually materialize and are the proximate cause of the injury to the patient." (Emphasis added.) *Nickell,* 17 Ohio St.3d 136, 17 OBR 281, 477 N.E.2d 1145, syllabus.

{¶ 11} The lower court reads the "should have been disclosed" language to require expert testimony to determine what a reasonable physician should have disclosed. However, the "should have" language in the second part of the test in fact reflects the first part of the test, which requires the physician "to disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy." Id. As to the first prong of the test, the physician is duty bound to disclose the *material* risks of the proposed therapy. Those material risks are what are referred to in the second prong of the test as "the unrevealed risks and dangers which *should have been* disclosed." (Emphasis added.) Id.

{¶ 12} Materiality is determined through a reasonable-person standard, not through standard-of-care testimony. Id. at 139, 17 OBR 281, 477 N.E.2d 1145. *Nickell* approved of a jury instruction that stated, "'[A] risk is material when a reasonable person, in what the physician knows or should know to be the patient's condition, would be likely to attach significance to the risk or cluster of risks in deciding whether or not to forego the proposed treatment.'" Id.

{¶ 13} Proof of deviation from the standard of care is not a part of a tort claim for lack of informed consent. Nor is it relevant to any of the three elements of a successful claim. This court should have made that fact clear in a decision on the merits.

RESNICK, J., concurs in the foregoing opinion.

Robert M. Losey, for appellants.

Arnold Todaro & Welch Co., L.P.A., Gerald J. Todaro, and Karen L. Clouse, for appellees.